CRISTÓBAL DÁVILA, Plaintiff and Appellee, *v.* MARCIAL ROSA, Defendant; MONLLOR & BOSCIO, SUCRS., Intervener and Appellant.

No. 8427.—Argued March 4, 1943.—Decided March 23, 1943.

*Dubón & Ochoteco* and *Otero Suro & Otero Suro* for intervener-appellant. *M. Guzmán Texidor* for plaintiff-appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

On March 16, 1938, the partnership Monllor & Boscio, Sucrs., filed action No. 150 in the Municipal Court of Cayey, against Marcial Rosa, for the sum of $498.92 in payment of an open account for goods sold. The judgment having been secured by means of attachment of property belonging to defendant Rosa, on March 19, 1938, Rosa acquiesced in the complaint, without attacking in any way whatsoever the bond given by the plaintiff partnership.

On the same day, March 19, 1938, Cristóbal Dávila asked the court for leave to intervene in case No. 150. Although leave was granted, Dávila chose to file an action of debt, against Marcial Rosa, in the District Court of Guayama, obtaining from that court an order for the attachment of the same property which had already been attached by Monllor & Boscio, Sucrs., in case No. 150, and which was under the legal custody of Mr. José Mendoza, who had been appointed judicial depositary by the Marshal of the Municipal Court of Cayey. When the marshal of the district court tried to attach the property, the depositary, José Mendoza, refused to deliver it, informing the marshal that that property was *in custodia legis*. In spite of Mendoza's protests, the marshal took possession of the property, carrying it away from

Marcial Rosa's warehouse, where it was kept, and taking it to the warehouse of plaintiff Cristóbal Dávila.

On October 3, 1938, the District Court of Guayama gave Monllor & Boscio, Sucrs. leave to intervene in the suit (No. 492) between Cristóbal Dávila and Marcial Rosa. Dávila answered the complaint for intervention, the hearing of the case on the merits was held on February 8, 1940, and one year later, on March 29, 1941, the District Court of Guayama rendered judgment dismissing the complaint for intervention and holding:

(a) That the bond given by plaintiff in case No. 150 in the Municipal Court of Cayey was void and therefore was ineffective when the attachment of Rosa's property was levied;

(b) That Cristóbal Dávila, the plaintiff-appellee, had the right to attack collaterally the legality and sufficiency of the said bond, in civil case No. 492 in the District Court of Guayama; and

(c) That the attachment levied in case No. 150 in the Municipal Court of Cayey is void.

The intervener partnership, feeling aggrieved by said judgment, brought the present appeal, alleging in support thereof that each one of the items (a), (b), and (c), *supra,* constitute an error of law; and that the court likewise erred in deciding that the property deposited with Mendoza was not *in custodia legis* and, consequently, that plaintiff-appellee Dávila had a right to attach it and hand it over to a judicial depositary.

Plaintiff-appellee's theory is: that José Mendoza was not a legal depositary because he had never been appointed to that office by the Municipal Court of Cayey or by any other court; that the attachment levied by Monllor & Boscio, the interveners, never had any legal effect whatsoever and is void because the bond given by the sureties, who were not nor are taxpayers, was void; and that an at-

tachment thus obtained can not defeat another subsequently obtained by plaintiff-appellee.

In answer to plaintiff's theory, the intervener alleges that plaintiff may not attack in the district court the attachment levied by order of the municipal court and that it is in the municipal court where plaintiff should have appeared to claim his alleged right; and that plaintiff has no right whatsoever to attack the sufficiency of the sureties, defendant Marcial Rosa not having attacked it.

The following facts have been clearly established (a) that the appointment of José Mendoza as depositary of the attached property was made by the marshal of the municipal court, without the previous authorization or subsequent approval of said court; (b) that one of the sureties who gave the bond "to answer for the damages which defendant Marcial Rosa may suffer" as a result of the attachment, did not have sufficient property to answer for the total amount of the bond; and (c) that on March 19, 1938, three days after the levy of the attachment ordered by municipal court, defendant Marcial Rosa acquiesced in the complaint filed by Monllor & Boscio, asked that judgment against him be rendered, and that the property be sold at the earliest possible moment because said property consisted of perishable goods.

The fundamental question to be decided is whether or not Marcial Rosa's property was duly attached by order of the municipal court and therefore was *in custodia legis* at the moment when the marshal of the district court took possession of it and delivered it to the depositary appointed by said court.

Section 10 of the Act to Secure the Effectiveness of Judgments, approved on March 1, 1902 (Comp. Stat. 1911, §§5233–5250; Code of Civ. Proc., 1933 ed., p. 101) in its pertinent part reads as follows:

"An order prohibiting the alienation of personal property, and an attachment on the same, shall be effected by depositing the

personal property in question with the court, or the *person designated by it,* under the responsibility of the plaintiff." (Italics ours.)

According to the clear language of the statute, the attachment of personal property may only be levied in two ways: (*a*) by depositing the property in question with the court which ordered the attachment, or (*b*) by depositing it with a person designated by the court which ordered the attachment. In the case at bar, the Municipal Court of Cayey did not designate Mr. Mendoza or any other person to act as depositary for the property which was to be attached. It was the marshal who designated Mr. Mendoza. The statute, as we have seen, grants the power to designate the depositary to the court and not to the marshal. The latter may, under certain circumstances, designate a depositary of the property attached by him, but he must submit such a designation for the approval of the court which ordered the attachment. *Balaguer v. District Court,* 59 P.R.R. 645. In the case at bar neither one of these two things was done and consequently, the property which was in possession of José Mendoza was not *in custodia legis* at the time that it was attached by the marshal of the district court.

The judgment appealed from must be affirmed.

Mr. Justice De Jesús did not participate herein.